ON REHEARING
GREMILLION, Judge.
I,The Plaintiffs/Appellants and Defendant/Appellee, the Avoyelles Parish School Board, have requested rehearing of our original opinion, Allgood v. Bordelon, 15-504 (La.App. 3 Cir. 12/9/15), 185 So.3d 26. For the reasons that follow, we grant rehearing.
 The Plaintiffs/Appellants assert that our judgment was deficient in that we failed to award expert witness fees for the testimonies of the treating physicians. The Plaintiffs/Appellants introduced the deposition testimonies of five health care providers. " They request that we award $1,000.00 each for four and $750.00 for one. The record contains no evidence regarding the amounts Plaintiffs/Appellants were charged,for these depositions. We have long held, though, that the trial court retains jurisdiction to fix these costs, and the trial court is where they should, seek redress. Muirhead v. Transworld Drilling Co., 469 So.2d 474 (La.App. 3 Cir.1985). In accordance with the Muirhead case, we remand the matter to the trial court for the purpose of fixing the expert witness costs.
The Avoyelles Parish School Board objects to our judgment awarding future medical expenses to Mr. Allgood without ordering that the award for future medical expenses be placed into a rever-sionary trust pursuant. to La.R.S. 13:5106(B)(3)(a). The provisions of the statute do not constitute an affirmative defense and do not have to be specifically pleaded. Mitchell v. State, Dep’t of Transp. & Dev., 596 So.2d 353 (La.App. 3 Cir.), writ denied, 600 So.2d 680 (1992). We therefore grant rehearing to the Avo-yelles Parish School Board and order that a reversionary trust be created to pay Mr. Allgood’s medical care and related expenses directly to his medical providers.
In all other respects, the applications for rehearing are denied.